UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TERELL ADAMS-DEVONISH,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JRR-24-1654 |
| **KEHE DISTRIBUTORS,** | * | |
| Defendant. | * | |

**MEMORANDUM ORDER**

Plaintiff Terrell Adams-Devonish, who is self-represented, filed suit in the Circuit Court for Cecil County on February 26, 2024, asserting discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ECF No. 4. On June 7, 2024, Defendant KeHE Distributors removed the case to this Court on the basis of federal question jurisdiction. ECF No. 1. On March 25, 2025, the Honorable Julie R. Rubin referred this case to the undersigned for discovery and all related scheduling pursuant to 28 U.S.C. § 636. ECF No. 44.

Pending before the Court is Mr. Adams-Devonish's renewed motion for spoliation sanctions. ECF No. 59. The motion is denied for several reasons. First, to the extent Mr. Adams-Devonish seeks to relitigate his prior motion for spoliation sanctions (ECF No. 39), the undersigned declines to revisit the ruling on that motion (ECF No. 54). The Court has ordered production of the redacted materials, which has been completed and, as the pending motion and exhibits thereto make clear, Mr. Adams-Devonish now has the benefit of the discovery he sought. Any prejudice he may have encountered due to the delay in production may be remedied by an extension of the discovery deadlines should one be requested.

Second, sanctions under Federal Rule of Civil Procedure 37 are not appropriate. Rule 37(e) governs spoliation of electronically stored evidence (ESI). Rule 37(e) requires that "(1) the

party was under a duty to preserve the ESI at issue; (2) the ESI at issue was not preserved; (3) the loss of the ESI was due to the party's failure to take reasonable steps to preserve it; and (4) the ESI cannot be restored or replaced through additional discovery." *Government Emps. Health Ass'n* v. *Actelion Pharms. Ltd.*, 343 F.R.D. 474, 481 (D. Md. 2023). If the threshold criteria are established and there is a finding of prejudice, the Court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). The Court may impose the sanctions outlined in Rule 37(e)(2) "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). The party asserting spoliation bears the burden of proof, and the "general approach" of courts in the Fourth Circuit Court of Appeals is that the standard of proof is clear and convincing evidence. *Modern Remodeling, Inc.* v. *Tripod Holdings, LLC*, Civil Action No. CCB-19-1397, 2021 WL 3852323, at *5 (D. Md. Aug. 27, 2021); *see also Government Emps. Health Ass'n*, 343 F.R.D. at 482. Viewing Mr. Adams-Devonish's spoliation allegations under this rubric, it is evident that sanctions are not warranted.

Finally, to the extent that Mr. Adams-Devonish seeks to raise a new discovery dispute, the motion is premature because he has not made a good faith effort to meet and confer with opposing counsel. In his motion, Mr. Adams-Devonish indicates that he "contacted defense counsel via email on May 12, 2025, at approximately 4:50 PM, requesting a meet and confer." *Id.* at 3.[1] The Court's Case Management/Electronic Case Files system (CM/ECF) reflects that he filed the instant motion on May 14, 2025, at 4:15 PM, which is less than 48 hours after he initially requested a meet-and-confer. ECF No. 59. This Court's Local Rules require "a reasonable effort to resolve . . . differences," which "means more than sending an email or letter

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

to the opposing party." Local Rule 104.7 (D. Md. 2023). A reasonable effort "requires that the parties meet in person or by video or telephonic means for a reasonable period of time in a good faith effort to resolve the disputed matter." *Id.* The parties must therefore engage in a good faith effort to resolve any discovery dispute before seeking relief from the Court.

Should the parties be unable to resolve this or another discovery dispute after a good faith effort, they must request a discovery conference with the undersigned before filing a discovery motion. In preparation for any such discovery conference, the parties may each file via CM/ECF a two-page letter outlining the dispute and their respective positions. The undersigned will then promptly schedule a recorded discovery conference.

For the foregoing reasons, it is hereby ORDERED that renewed motion for spoliation sanctions (ECF No. 59) is DENIED.

Date: May 15, 2025                                         /s/
                                                    Erin Aslan
                                                    United States Magistrate Judge