IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERELL ADAMS-DEVONISH,

       *Plaintiff*,

       **v.**                                    **Civil No.: 1:24-cv-01654-JRR**

KeHE DISTRIBUTORS,

       *Defendant*.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e).  (ECF No. 71, the "Motion.")  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).  For the reasons set forth below, the Motion will be denied.

## I.    BACKGROUND

*Pro se* Plaintiff Terell Adams-Devonish, an African American man who suffers from gastritis and ulcers, initiated this action in the Circuit Court for Cecil County, Maryland (Case No. C-07-CV-24-000095), on February 26, 2024, against Defendant KeHE Distributors, Inc. ("KeHE"), his previous employer.  (ECF No. 4.)  Plaintiff's Complaint asserted claims against Defendant for employment discrimination in violation of (1) Title VII, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); and (2) Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.* ("ADA").  *Id.* ¶ 33.  Specifically, Plaintiff asserted claims for race and gender discrimination under Title VII, disability discrimination under the ADA, and retaliation under both Title VII and the ADA.  *Id.*  Plaintiff claimed that Defendant's conduct caused him "significant financial ramifications, humiliation, outrage, and mental anguish for which [he] sought] compensatory damages[]" in the amount of $40 million.  *Id.* ¶¶ 31–32.

Defendant removed the action to this court on June 7, 2024 (ECF No. 1), and subsequently filed a Motion for Summary Judgment, which was fully briefed by the parties. (ECF Nos. 40, 43, 50). Plaintiff also filed a Motion for Leave to File Surreply (ECF No. 52), which the court granted. (ECF No. 68.) On March 2, 2026, the court granted Defendant's Motion for Summary Judgment and entered judgment for Defendant and against Plaintiff on all counts. (ECF Nos. 67, 68.)[1]

Plaintiff filed the instant Motion on March 20, 2026 (ECF No. 71); Defendant filed a response in opposition on April 3, 2026. (ECF No. 73.)

## II.   LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 59(e)

"Rule 59(e) authorizes motions 'to alter or amend a judgment,' provided they are filed within 28 days of the judgment." *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024). "The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 745 (D. Md. 2022) (citing cases). A Rule 59(e) motion "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). "[T]he prior judgment cannot be 'just maybe or probably wrong; it must...strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d

---

[1] After the court granted summary judgment in its favor, Defendant filed a Bill of Costs, seeking reimbursement of $1,804.47 by Plaintiff for Defendant's payment of the court's filing fee and "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." (ECF No. 70). Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1).

741, 746 (D. Md. 2022) (quoting *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012)). "In other words, the Court's previous judgment must be 'dead wrong.'" *Id.* (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).

"Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). A motion under Rule 59(e) is similarly "not authorized to enable a party to complete presenting his case after the court has ruled against him." *Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 659 (D. Md. 2019) (quoting *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996)). Indeed, "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (citation omitted).

## III.    ANALYSIS

Plaintiff's Motion is not based on an intervening change in controlling law or new evidence; rather, Plaintiff appears to assert the court made a clear error and/or that manifest injustice would result were the court to deny the Motion. Specifically, Plaintiff asserts that "the [c]ourt misapprehended the record and improperly resolved competing factual inferences in Defendant's favor" and Plaintiff's deposition "testimony supports both the existence of corroborating evidence and a reasonable inference that relevant evidence was within Defendant's control but not produced." (ECF No. 71 at pp. 1, 4.) In opposition, Defendant argues there is no previously unavailable evidence, clear error of law or manifest injustice to warrant reconsideration of the court's order granting summary judgment. (ECF No. 73 at pp. 3–4.)

The court is not persuaded to revise its ruling on the arguments presented in the Motion. In granting summary judgment, the court determined that Plaintiff failed to state a prima facie

3

case for race- or gender-based discrimination. *Adams-Devonish v. KeHE Distributors*, No. 1:24-CV-01654-JRR, 2026 WL 570434, at \*17 (D. Md. Mar. 2, 2026). The court also explained that "[g]iven the undisputed attendance problems documented by Defendant, including Plaintiff's own deposition testimony as to his policy violations, no reasonable fact finder could conclude that Defendant's legitimate offered reasons for its actions are a pretext for unlawful retaliation." *Id.* at \*19. Further, as previously explained by the court with regard to Plaintiff's opposition to Defendant's Motion for Summary Judgment:

> Notwithstanding the [attached] unauthenticated exhibits, Plaintiff's opposition is deficient because it does not comply with the express instructions of Rule 56(c). To the extent Plaintiff "assert[s] that a fact . . . is genuinely disputed," he must do so "by citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." FED. R. CIV. P. 56(c)(1). Alternatively, Plaintiff may "object that the material cited to support . . . a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). Plaintiff's opposition fails to cite any particular parts of the record. (ECF No. 43 at pp. 1–4.) To the extent Plaintiff attempts to dispute Defendant's asserted facts absent reference to admissible materials in the record, he fails to demonstrate a genuine dispute of fact and the court will consider those facts to be undisputed. *See* FED. R. CIV. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion.").

*Id.* at \*10. Accordingly, as Plaintiff failed to cite to any particular portions of the record in either his opposition or surreply to Defendant's Motion for Summary Judgment, the court premised its ruling on the undisputed record before it in accordance with Rule 56(e)(2). *See id.* at \*1–8.[2]

---

[2] Plaintiff also asserts the court premised its ruling on an isolated portion of his deposition testimony and failed to consider additional relevant testimony in context. (ECF No. 71 at p. 2.); *see* (ECF No. 40-7, Adams-Devonish Dep. Tr. 213:17–18; 215:4–6.) ("[I]f we are going by this company policy, I should have been fired a long time ago.") The court referenced Plaintiff's statement only to clarify that he was aware of Defendant's attendance policy. The court had already determined that Plaintiff failed to establish a prima facie case of discrimination because he failed to address "whether he met Defendant's legitimate expectations, and thus concede[d] the point." *Adams-Devonish*, 2026 WL 570434, at \*16.

To the extent Plaintiff argues relevant evidence within Defendant's control was not produced in discovery, this argument is also unavailing. If Plaintiff asserts Defendant failed to produce relevant evidence (that presumably he sought in a discovery request), the onus was on Plaintiff to file an appropriate motion to compel.[3] The court notes that on March 25, 2025, this case was referred to Magistrate Judge Erin Aslan for all discovery disputes and related scheduling matters. (ECF No. 44.) Plaintiff subsequently filed two separate motions for spoliation sanctions claiming Defendant had failed to preserve pertinent electronically stored information and other relevant materials. (ECF Nos. 39, 54.) Hearings were held on both motions, and the motions were ultimately resolved by orders from Judge Aslan. (ECF Nos. 54, 61.) An additional discovery hearing was held on June 2, 2025. (ECF No. 66.)

If there were other discovery disputes Plaintiff opted not to address through motions practice, his election to forgo such process does not render Defendant's Motion for Summary Judgment, or the court's ruling on same, deficient. Therefore, Plaintiff's contention that Defendant to did not produce "relevant evidence" is not grounds to alter or amend the court's judgment.[4]

---

[3] The court observes that on February 14, 2025, the parties submitted a joint post-discovery status report stating that discovery was completed as of February 13, 2025. (ECF No. 37 ¶ 1.)

[4] To the extent Plaintiff means to complain that the court declined to consider exhibits attached to his opposition to Defendant's Motion for Summary Judgment, as the court explained in its ruling:

> The exhibits are comprised of a personal timeline of events (including illegible screenshots) created by Plaintiff, copies of emails, correspondence and documents related to Plaintiff's EEOC charge, unverified character/witness statements, and medical documents. Because Plaintiff's Complaint and Amended Verified Complaint submitted to the EEOC are verified, the factual assertions contained therein may be considered in opposition to the Motion. *See Williams v. Griffin*, 952 F.2d 820 (4th Cir. 1991) (holding that "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge") (citing *Davis v. Zahradnick*, 600 F.2d 458, 459–60 (4th Cir.1979)).

> "Depositions and affidavits must be based on personal knowledge, and all documents and other physical evidence must be properly authenticated and either non-hearsay or within a recognized exception." *E.E.O.C. v. Denny's, Inc.*, Civ. No. WDQ-06-2527, 2010 WL 2817109, at *3 (D. Md. July 16, 2010). "For a court to accurately determine whether there is a factual dispute for a jury, the judge must be assured that the evidence [s]he examines at

Accordingly, Plaintiff fails to present grounds warranting the extraordinary remedy of altering the court's judgment under Rule 59(e).

## IV.    <u>**CONCLUSION AND ORDER**</u>

For the foregoing reasons, it is this 6th day of May 2026, **ORDERED** that Plaintiff's Motion (ECF No. 71) shall be, and is hereby, **DENIED**. Madam Clerk shall transmit a copy of this memorandum opinion and order to Plaintiff.

/S/

_____
Julie R. Rubin
United States District Judge

---

summary judgment is as authentic as that which the jury will consider." *Tillery v. Borden*, No. CIV.A. CBD-07-1092, 2010 WL 2132226, at *2 (D. Md. May 25, 2010). With the exception of the verified Complaint and Amended Complaint, the remainder of Plaintiff's exhibits are not authenticated. The court, therefore, will not consider the additional exhibits submitted by Plaintiff.

*Adams-Devonish*, 2026 WL 570434, at *10. Further, as Defendant correctly notes, "[c]ourts in the Fourth Circuit may not consider inadmissible evidence on a motion for summary judgment." *Giles v. Nat'l R.R. Passenger Corp.*, 59 F.4th 696, 704 (4th Cir. 2023) (citing *Md. Highways Contractors Ass'n, Inc. v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991)). Pursuant to Rule 56(c)(1), the party "asserting that a fact cannot be or is genuinely disputed must support this assertion." FED. R. CIV. P. 56(c)(1).